UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Norman Tyrone Dais, #327115,<br>*formerly* # 99936-071 and # *283547,*<br>*aka Norman T Dais*,<br>                                Plaintiff,<br><br>v.<br><br>Melanie Huggins, Horry County Clerk of Court,<br><br>                                Defendant. | C/A No.  8:09-01064-JFA-BHH<br><br><br><br>REPORT AND RECOMMENDATION |

Norman Tyrone Dais (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.[1]  Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  However, a district court may not rewrite a petition to include claims that

---

[1] Pursuant to the provisions of  28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## DISCUSSION

Plaintiff, currently a federal prisoner, brings this action pursuant to 42 U.S.C. § 1983 complaining that the Defendant violated his Sixth Amendment right to counsel regarding

2

prior state court convictions and seeking a declaratory judgment from this Court in that regard. Plaintiff's brief statement of his complaint follows verbatim:

> Petitioner Sixth Amendment Right to counsel was violation in his 1988, 1986 felony convictions when Ms. Melanie Huggins the Horry County Clerk of Court fail to follow State Law that required her to appoint counsel when convictions led to imprisonment. Those convictions was later use to enhanced punishment in a subsequent prosecution in violation of Petitioner Sixth Amendment Right to counsel as the court will see that Mrs. Melanie Huggins did not follow that law.

(Compl. at 3.) Plaintiff's request for relief follows verbatim:

> Petitioner would like to the Court to Rule that his Sixth Amendment Right to counsel was violation for the fail of Mrs. Melanie Huggins to follow the State Law that required her to appoint counsel under the Defense of Indigence Act of 1969 which require all Clerk of Court offices to appoint counsel when convictions let to imprisonment.

(Compl. at 5.)

Even assuming that the Defendant's actions violated Plaintiff's Sixth Amendment right to counsel, Plaintiff is not entitled to the declaratory relief that he seeks through this complaint. Rule 57 of the Federal Rules of Civil Procedure states that resort to the Declaratory Judgment Act may be made, where appropriate, even though another adequate remedy exists. However, the Supreme Court has stated that declaratory judgment is not appropriate where special statutory proceedings have been provided. *Katzenbach v. McClung*, 379 U.S. 294 (1964).

A declaratory judgment that Plaintiff's right to counsel was violated would require the reversal of his state court convictions. *See Terry v. Enomoto*, 723 F.2d 697, 700 (9th Cir.1984). A challenge to Plaintiff's state court convictions must be pursued through habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (state prisoners attacking the validity of the fact or length of their confinement limited to actions for habeas

corpus relief). "Individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. A. § 2254." *In rel Vial*, 115 F.3d 1192 (4th Cir. 1997). Because there is a special statutory provision, 28 U.S.C. § 2254[2], provided to seek habeas relief, this complaint seeking declaratory judgment should be dismissed.

### Recommendation

Accordingly, it is recommended that this complaint be dismissed *without prejudice* and without issuance and service of process. **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

May 6, 2009

Greenville, South Carolina

---

[2] Limitations upon, and exhaustion requirements for, bringing a habeas action may be found at 28 U.S.C. §§ 2244 and 2254.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).